IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Terry Keaton, ) | Civil Action No.: 8:21-cv-00656-JMC |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER** |
| C.R. Bard, Inc., and Bard Peripheral ) | |
| Vascular, Inc., ) | |
| ) | |
| Defendants. ) | |

Plaintiff Terry Keaton filed this action against Defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. (together "Defendants") seeking to recover damages resulting from Defendants' alleged negligent manufacturing of the Inferior Vena Cava ("IVC"[1]) Filter, "a small device implanted in the IVC to catch blood clots before they reach the heart and lungs." (ECF Nos. 1 at 2–3, 5 at 4.) This matter is before the court to address Defendants' Motion to Dismiss the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (ECF No. 21.)

On February 25, 2021, the United States Judicial Panel for Multidistrict Litigation transferred the case to this court pursuant to 28 U.S.C. § 1404(a). On March 8, 2021, the court received official notice of the transfer. (ECF No. 6.) Thereafter, on March 10, 2021, attorney Andrew M. Connor of the Charleston Office of Nelson Mullins Riley & Scarborough LLP filed an Appearance of Counsel to provide notice that he is Defendants' counsel. (ECF No. 7.)

The court's local rules require that "[l]itigants in civil and criminal actions, except for parties appearing pro se, must be represented by at least one member of the bar of this court who shall sign each pleading, motion, discovery procedure, or other document served or filed in this

---

[1] "The IVC is a large vein that returns blood to the heart from the lower body." (ECF No. 5 at 4.)

1

court." *See* Local Civ. Rule 83.I.04 (D.S.C.).  As a result, the court entered an Order to Show Cause (ECF No. 10) on October 21, 2021, to provide notice to Plaintiff regarding the local counsel requirement.  After no member of the bar of this court entered an appearance for Plaintiff as required by Local Rule 83.I.04, the court entered a Second Order to Show Cause on January 18, 2022, expressly warning Plaintiff that any failure to comply with the Second Order to Show Cause by February 4, 2022, would result in the dismissal of his case pursuant to Rule 41(b).[2]  (ECF No. 12.)  On March 2, 2022, Defendants filed the instant Motion to Dismiss.  (ECF No. 21.)

Federal courts have the authority to dismiss a plaintiff's action with prejudice because of his or her failure to prosecute.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962).  "Rule 41(b) of the Federal Rules of Civil Procedure provides an explicit basis for this sanction." *Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir. 1991).  Specifically, Rule 41(b) provides as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  To determine whether dismissal for failure to prosecute constitutes an appropriate sanction, courts must consider four factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn-out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. Commissioner*, 916 F.2d 171, 174 (4th Cir. 1990) (citing *Herbert v. Saffell*, 877 F.2d 267, 270 (4th Cir. 1989)).  The four factors are not binding and must be considered under the particular circumstances of the case.  *Ballard v. Carlson*, 882 F.2d 93, 95

---

[2] The court required Plaintiff's outside counsel, Scott Fraser and William Henry Barfield of McDonald Worley PC, located in Houston, Texas, to serve both Orders to Show Cause on Plaintiff. (*See* ECF Nos. 10 at 2, 12 at 2.)

(4th Cir. 1989).

Applying the above criteria to the facts of this case, the court finds that Plaintiff's lack of participation in this action over the past fourteen (14) months and repeated failure to communicate with the court or respond to its Orders to Show Cause establish both his culpability for litigation delays and the requisite prejudice to Defendants, which have been handicapped in their efforts to resolve this matter. Moreover, in considering whether sanctions less drastic than a dismissal with prejudice exist, the court observes that no option other than outright dismissal presents itself. *See Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639 (1976) ("The most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such deterrent.").

Therefore, as a result of the foregoing, the court **GRANTS** Defendants' Motion to Dismiss (ECF No. 21) and **DISMISSES** Plaintiff Terry Keaton's Complaint (ECF No. 1) with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The court hereby **DIRECTS** Scott Fraser and William Henry Barfield of McDonald Worley PC to serve a copy of this Order on Plaintiff and to acknowledge the service by way of electronic correspondence submitted to childs_ecf@scd.uscourts.gov.[3]

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

May 23, 2022
Columbia, South Carolina

---

[3] Although the aforenamed attorneys are not members of the bar of this court, the Clerk of Court will provide this Order to them by Electronic Mail with a "read receipt" request.